UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| BOWSER AUTOMOTIVE, INC. : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO.   2:20-cv-747 |
| : | |
| CHUBB GROUP OF INSURANCE : | |
| COMPANIES and FEDERAL INSURANCE : | |
| COMPANY, : | |
| : | |
| Defendants. : | |
| : | |

## AMENDED NOTICE OF REMOVAL

TO:   CLERK OF THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants "Chubb Group of Insurance Companies" (erroneously and improperly named as a defendant herein[1]) and Federal Insurance Company ("Federal", and together with the erroneously and improperly named "Chubb Group of Insurance Companies", "Defendants"), by and through its undersigned counsel, hereby gives notice of removal of this action from the Court of Common Pleas of Allegheny County, Pennsylvania, Civil Law Division, where it is pending as Case No. GD-20-5272, to the United States District Court for the Western District of Pennsylvania. As set forth more fully below, the case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants satisfy

---

[1] Federal does not concede that "Chubb Group of Insurance Companies" was properly served with the Complaint. "Chubb Group of Insurance Companies" is not an entity, corporation, partnership, unincorporated association, or insurance company. The term "Chubb Group of Insurance Companies" is a descriptive phrase and trade style used to describe several separately incorporated and separately capitalized insurance companies under common ownership. "Chubb Group of Insurance Companies" is not licensed or incorporated in any state. It does not enter into contracts or agreements, and it does not issue insurance policies. Accordingly, "Chubb Group of Insurance Companies" is not a legal entity with the capacity to be sued.

1

the procedural requirements for removal under 28 U.S.C. § 1446, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. In support of removal, and without waiver of any defense, including but not limited to any defense pursuant to Rule 12 of the Federal Rules of Civil Procedure, and expressly reserving the right to assert any such defense in this action, Defendants aver:

### THE STATE COURT ACTION

1. Plaintiff Bowser Automotive, Inc. ("Plaintiff"), filed a Complaint against Plaintiff on April 28, 2020, in the Court of Common Pleas of Allegheny County, Case No. GD-20-5272 ("State Court Action"). See Filed Complaint, attached hereto as Exhibit A; and Docket, with copies of all case filings and orders, attached hereto as Exhibit B.

2. On or about May 1, 2020, a copy of such complaint was delivered to "Chubb Group of Insurance Companies" at the following address: 600 Independence Parkway, P.O. Box 4700, Chesapeake, VA 23327-4700. See Received Complaint, attached hereto as Exhibit C.

3. Plaintiff avers that it is a Delaware corporation with its principal place of business at 1001 Clairton Boulevard, Pleasant Hills, Allegheny County, Pennsylvania 15236. See Filed Complaint, Exhibit A, at ¶ 1.

4. Plaintiff's Complaint seeks declaratory relief relating to an insurance claim made under insurance policy no. 3605-30-31 LIO issued by Federal Insurance Company for alleged "losses, damages, and expenses" relating to a "partial loss of use" of its premises arising out of the "COVID-19 pandemic" and certain orders issued by Governor Tom Wolf. Plaintiff alleges that it has suffered "Business Income, Civil Authority and other related losses, damages, and expenses which are covered by policies of insurance issued by the Defendants." Id. at ¶¶ 26-31.

5. Plaintiff avers that it is "entitled to a declaration that it is covered under the Chubb policy for, *inter alia*, business income, extra expense, contamination, civil authority and other coverages under the Chubb Policy." Id. at ¶ 33.

6. Plaintiff alleges a sole claim for declaratory relief against Defendants. Id. at ¶¶ 37-49.

7. In Plaintiff's claim for declaratory relief, Plaintiff seeks an Order that it "is entitled to coverage for losses, damages, and expenses caused by the COVID-19 pandemic and the referenced Orders from Defendants" and "such other relief as the court deems appropriate." Id. at "WHEREFORE" clause.

## DIVERSITY JURISDICTION

8. Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States."

9. This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

10. A corporation is a citizen of the state in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. § 1332(c).

11. Plaintiff's verified Complaint declares that it is a Delaware corporation with its principal place of business in Pleasant Hills, Pennsylvania. See Ex. A ¶ 1. Plaintiff is therefore a citizen of the State of Delaware and Commonwealth of Pennsylvania.

12. Federal is an Indiana corporation and maintains its principal place of business in New Jersey. Accordingly, Federal is a citizen of the States of Indiana and New Jersey

13. "Chubb Group of Insurance Companies," erroneously and improperly named as a defendant, is not an entity, corporation, partnership, unincorporated association, or insurance company. The term "Chubb Group of Insurance Companies" is a descriptive phrase and trade style used to describe several separately incorporated and separately capitalized insurance companies under common ownership. "Chubb Group of Insurance Companies" is not licensed or incorporated in any state. It does not enter into contracts or agreements, and it does not issue insurance policies. Accordingly, "Chubb Group of Insurance Companies" is not a legal entity with the capacity to be sued.

14. Complete diversity exists because Plaintiff is a citizen of the state of Delaware and Commonwealth of Pennsylvania and Defendant Federal is a citizen of the states of Indiana and New Jersey.

15. This action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a).

16. The matter in controversy exceeds the sum or value of $75,000 because Plaintiff's verified Complaint seeks declaratory relief under a policy of insurance with combined Building limits of approximately $32,727,191, combined Personal Property limits of approximately $8,000,000, and combined Business Income with Extra Expense limits of approximately $17,700,000. See Ex. C at Exhibit A, Property Insurance: Declarations, pages 2-5.

17. Based on Plaintiff's allegations in the Complaint, it is therefore averred that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

18. Accordingly, the United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**REMOVAL JURISDICTION**

19. This action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

20. Under Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a). Section 1441(b) further provides that "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." Id. § 1441(b).

21. Plaintiff filed this action in the Court of Common Pleas of Allegheny County. The U.S. District Court for the Western District of Pennsylvania is the judicial district embracing Allegheny County, the place where the State Court Action was brought, and, therefore, is the proper district court to which this case should be removed. See 28 U.S.C. §§ 1441(a), 1446(a).

22. Under Section 1446(b), the notice of removal shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. See 28 U.S.C. § 1446(b).

23. Defendants received a copy of the Complaint on or about May 1, 2019. Defendants are filing this notice within thirty (30) days of receipt of the Complaint pursuant to 28 U.S.C. § 1446(c). Therefore, this removal is timely because 30 days could not have elapsed from the date of service of the Complaint.

24. Pursuant to Section 1446(b)(2)(A), "all defendants who have been properly joined and served" consent to removal.

25.  Further, pursuant to Section 1446(a), Defendants are also filing with this Notice of Removal copies of all process, pleadings, orders, and other papers or exhibits of every kind existing on file in the Court of Common Pleas of Allegheny County in this removed action.

26.  Additionally, Defendants are filing a copy of this petition for removal with the Prothonotary of the Court of Common Pleas of Allegheny County.  <u>See</u> 28 U.S.C. § 1446(d).

27.  Defendants reserve the right to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, Defendants, Federal Insurance Company and "Chubb Group of Insurance Companies" (erroneously and improperly named as a defendant herein) hereby remove this action now pending against it in the Court of Common Pleas of Allegheny County to the United States District Court for the Western District of Pennsylvania.

    Respectfully submitted,

    COZEN O'CONNOR

    BY: /s/ *Jesse R. Loffler, Esq.*
        Jesse R. Loffler, Esq. (#320962)
        One Oxford Centre
        301 Grant Street, 41st Floor
        Pittsburgh, PA 15219
        jloffler@cozen.com
           -and-
        Eric D. Freed, Esq. (#39252) (to be admitted *pro hac vice*)
        Stephen S. Kempa, Esq. (#319143) (to be admitted *pro hac vice*)
        One Liberty Place
        1650 Market Street, Suite 2800
        Philadelphia, PA 19103
        efreed@cozen.com
        skempa@cozen.com
        *Attorneys for Defendants*

Dated:  May 21, 2020

## CERTIFICATE OF SERVICE

I, Jesse R. Loffler, hereby certify that I served a true and correct copy of the foregoing Amended Notice of Removal upon the following counsel via first-class mail, postage prepaid, addressed as follows:

>John P. Goodrich, Esq. (#49648)
>429 Fourth Avenue, Suite 900
>Pittsburgh, PA 15219
>
>James C. Haggerty, Esq. (#30003)
>1835 Market Street, Suite 2700
>Philadelphia, PA 19103
>
>Scott B. Cooper, Esq. (#53965)
>209 State Street
>Harrisburg, PA 17101
>
>Jonathan Shub, Esq. (#53965)
>1600 Market Street, Suite 2500
>Philadelphia, PA 19103
>
>*Attorneys for Plaintiff*

DATE: May 21, 2020                    /s/ *Jesse R. Loffler, Esq.*
                                      Jesse R. Loffler, Esquire